UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IRIS ROTHSTEIN, et ano.,

Plaintiffs,

-against- 15-cv-9391 (LAK)

AUTO CLUB SOUTH, et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

Noah I. Axler
DONOVAN AXLER, LLC

Jayne Arnold Goldstein
POMERANTZ LLP

*Attorneys for Plaintiffs*

George Calvin Hayes
Harry W. Gurland, Jr.
Paul Evans Chronis
Elinor Hart Murirova
DUANE MORRIS LLP
*Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

Plaintiffs bring this putative class action against Auto Club South, American Automobile Association ("AAA") and Priceline.com claiming that plaintiffs booked three hotel

reservations through AAA.com, which promoted its reservation service as having "member rates with exclusive AAA member savings," that the website represented that no fees would be charged with respect to such bookings, and that plaintiffs later discovered that they had not received "exclusive . . . member savings" on their rooms and had been charged fees with respect to the bookings. The amended complaint seeks damages for alleged breach of contract, violation of N.Y. Gen. Bus. L. § 349 ("GBL 349"), and unjust enrichment.

The matter is before the Court on defendants' motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the amended complaint. In a report and recommendation dated March 16, 2017, Magistrate Judge Ronald L. Ellis recommended that the motion be granted to the extent of dismissing the GBL 349 claim but denied in all other respects. Defendants object to the recommendation to the extent it recommends denial of the motion with respect to the breach of contract and unjust enrichment claims.

*The Contract Claim*

The amended complaint grounds the breach of contract claim in the assertions that (1) plaintiffs entered into membership contracts with AAA that gave them access to the AAA.com website and incorporated the AAA Member Benefits Handbook, which promised "exclusive AAA member savings," (2) that the AAA.com website explicitly stated that fees would not be charged with respect to hotel bookings made over the site, and (3) that AAA breached its contract by failing to live up to those promises.[1] Defendants' objection, however, is based on what it describes as "The

---

[1] Am. Compl. ¶¶ 65-73.

Actual Contract At Issue," which is said to be something else entirely—statements allegedly found on the AAA website to which plaintiffs are said to have agreed by clicking on various boxes said to have appeared on the website.[2] Defendants seek to justify resort to these materials, which of course are not found in the amended complaint, on the theories that plaintiffs allegedly relied upon them in the amended complaint and the materials were integral to that document.[3] In addition, defendants assert that the Court may take judicial notice of the contents of the AAA.com website.[4] These arguments are entirely unpersuasive.

As an initial matter and contrary to defendants' assertions, the terms, conditions and other material said to have become "the actual contract in issue" were neither relied upon nor integral to the amended complaint. What the plaintiffs did do in the amended complaint was something quite different. They stated that they had been advised by the defendants—after commencement of this case—that the defendants claimed that plaintiffs had agreed to certain unspecified terms and conditions when they booked their reservations on the website.[5] But plaintiffs neither adopted nor even described whatever terms and conditions to which defendants claimed they had agreed. To the contrary, they quite clearly stated or, at least, implied that they did not accept whatever assertions defendants had put forward.[6] Upon consideration of the text of the amended

2 Defs.' Objection [DI 67] at 2-4.

3 *Id.* at 3 n.3.

4 *Id.* n.4.

5 Am. Compl. ¶¶ 51-53.

6 *Id.* ¶ 54.

complaint—as distinguished from defendants' misleading description of it—it is entirely plain that the terms and conditions that defendants now claim are "the actual contract at issue" were not incorporated in or integral to the amended complaint nor relied upon by plaintiffs.

Defendants submitted also an attorney's declaration that purports to attach the language said to have constituted a template of terms and conditions that were available through the Hotel Reservation Service in June 2014, the implication being that this language was on the AAA.com website when plaintiffs booked their hotel rooms. The declaration, however, does not say that. In any case, the declaration may not be considered on this motion unless the Court converts the motion into one for summary judgment,[7] which the Court declines to do. The declaration therefore is excluded. And even if the Court were to consider the declaration, it would deny summary judgment because the declaration is not made on personal knowledge and therefore would not properly be considered on such a motion.[8]

Finally, defendants' contention that the Court should take judicial notice because, it claims, the language upon which it relies is now on its website borders cannot be taken seriously. Judicial notice *may* be taken of facts "not subject to reasonable dispute because," among other things, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[9] And it certainly cannot reasonably be said that anything that is on the

---

7 *See* Fed. R. Civ. P. 12(d).

8 *See, e.g.*, *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 123-24 (2d Cir. 2001) (appropriate on summary judgment to consider only admissible evidence); *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-66 (2d Cir. 1997) (same).

9 Fed. R. Evid. 201(b)(2).

AAA.com website *now* is precisely the same thing that was on it several years ago when the plaintiffs booked their hotel rooms. The Court may not, and will not, take judicial notice of the website contents.

Accordingly, the objection with respect to the breach of contract claim is overruled.

*Unjust Enrichment Claim*

Defendants initially sought dismissal of the unjust enrichment claim on two grounds, viz. (1) no claim for unjust enrichment lies where the matter is covered by an express contract, and (2) the claim in any case "merely parrot[s] the elements of an unjust enrichment claim."[10] Magistrate Judge Ellis recommended denial of this aspect of the motion because, in his view, pleading of the unjust enrichment claim as an alternative theory of recovery was appropriate. Defendants now object to the recommendation with respect to this claim. They argue that (1) plaintiffs' claim of breach of a contract grounded in the membership arrangement and the member handbook forecloses any unjust enrichment claim, and (2) plaintiffs failed to plead that it would be against equity and good conscience to permit defendants to retain what plaintiffs seek to recover. These arguments are without merit.

It is true, of course, that a claim of unjust enrichment does not lie where there is "a valid and enforceable written contract governing a particular subject matter."[11] Nevertheless, the Court finds no error in Magistrate Judge Ellis's conclusion that the alternative unjust enrichment

---

10 Defs.' Br. [DI 46] at 19-20.

11 *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987).

claim lies in the circumstances of this case.

Each side denies the existence of the alleged contract relied upon by the other. Indeed, a trier of fact conceivably could conclude that there is no contract that contains any of the terms relied upon by one side or the other, at least that there is no contract that governs the particular subject matter in question here—member discounts and fees on reservations booked through AAA.com. Indeed, it is especially noteworthy that defendants' claim that plaintiffs entered into what often is termed as a "click wrap" agreement—an agreement formed by interactions over an Internet website—conceivably could fail for want of competent evidence.[12] Accordingly, there is at least a possibility—perhaps remote but nevertheless a possibility—that recovery on an alternative unjust enrichment theory may be available.

The second of defendants' arguments fails utterly because the amended complaint alleges precisely what defendants claim was omitted.[13]

*Conclusion*

Defendants' motion to dismiss the amended complaint [DI 45] is granted to the extent that Count III is dismissed. It is denied in all other respects.

The Court well understands the eagerness of defendants on the receiving end of putative class actions to file dispositive motions at the earliest possible moment. The lack of merit

---

12 *See, e.g.*, *Bazemore v. Jefferson Capital Systs., Inc.*, 827 F.3d 1325 (11th Cir. 2016) (credit card company failed, for want of admissible evidence, to establish that consumer who applied for its card over the Internet had entered into "click wrap" agreement to arbitrate).

13 Am. Compl. ¶¶ 87-90.

of this one, however, should have been readily apparent from the outset although the Court does not encourage still further litigation with respect to sanctions.

SO ORDERED.

Dated: April 13, 2017

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)